UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
D.H.S., an infant under the age of fourteen years, by his
Mother and Natural Guardian, ANA SERRANO, and
ANA SERRANO, Individually,

                                    Plaintiffs,

        -against-

THE UNITED STATES OF AMERICA, NYU
LUTHERAN MEDICAL CENTER, CHRISTINE
CHENG, M.D. and MARK REBOLOS, M.D.,

                                    Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

**PLAINTIFF DEMANDS TRIAL BY JURY**

Plaintiffs, D.H.S., BY HIS MOTHER AND NATURAL GUARDIAN ANA SERRANO and ANA SERRANO, INDIVIDUALLY, as and for a Complaint against the defendants, allege, upon information and belief, as follows:

### PARTIES AND JURISDICTION

1. At the time of the commencement of this action and at all times hereinafter mentioned, Plaintiffs D.H.S., BY HIS MOTHER AND NATURAL GUARDIAN ANA SERRANO and ANA SERRANO, INDIVIDUALLY are residents of the State of New York, County of Kings.

2. At the time of the commencement of this action and at all times hereinafter mentioned, SUNSET PARK HEALTH CENTER (hereafter referred to as "Sunset Park") is a Federally supported health center and is deemed by the Department of Health and Human Services, pursuant to 42 U.S.C. 233(h), to be an employee of the UNITED STATES OF AMERICA (hereafter referred to as "United States") for purposes of the Federal Tort Claims Act.

3. At the time of the commencement of this action and at all times hereinafter mentioned, SAM SHAHEM, M.D. (hereafter referred to as "Shahem") was an employee of SUNSET

PARK HEALTH CENTER and is deemed by the Department of Health and Human Services, pursuant to 42 U.S.C. 233(h), to be an employee of the UNITED STATES OF AMERICA for purposes of the Federal Tort Claims Act.

4. At all times relevant to the Complaint, pursuant to the Federally Supported Health Centers Assistance Acts of 1992 and 1995 (FSCHAA), SUNSET PARK HEALTH CENTER and SAM SHEHEM, M.D. were federal employees with respect to any and all medical care and health services provided by them to the plaintiffs D.H.S. and ANA SERRANO.

5. At the time of the commencement of this action and at all times hereinafter mentioned, defendant N.Y.U. LUTHERAN MEDICAL CENTER (hereafter referred to as "N.Y.U. Lutheran") is a medical facility residing within the County of Kings and State of New York.

6. At the time of the commencement of this action and at all times hereinafter mentioned, defendant CHRISTINE CHENG, M.D. (hereafter referred to as "Cheng") is a physician duly licensed to practice medicine within the State of New York.

7. At the time of the commencement of this action and at all times hereinafter mentioned, defendant CHRISTINE CHENG, M.D. resided in the County of Kings and State of New York.

8. At the time of the commencement of this action and at all times hereinafter mentioned, defendant MARK REBOLOS, M.D. (hereinafter referred to as "Rebelos") is a physician duly licensed to practice medicine within the State of New York.

9. At the time of the commencement of this action and at all times hereinafter mentioned, defendant MARK REBOLOS, M.D. resided in the County of Kings and State of New York.

10. Subject matter jurisdiction is proper in this Court pursuant to the 28 U.S.C. 1346(b)(1), the New York State Constitution and the laws of the State of New York. The amount sought exceeds the jurisdictional limits of all lower courts. This Court has in personam jurisdiction over the parties pursuant to the laws of the State of New York.

11. Venue is proper under 28 U.S.C. 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Eastern District of New York.

12. On June 26, 2016, Administrative Tort Claims were filed on behalf of ANA SERRANO, Individually and as Mother and Natural Guardian of D.H.S wherein plaintiffs alleged that SAM SHAHEM, M.D. (employee of SUNSET PARK HEALTH CENTER), CHRISTINE CHENG, M.D., MARK REBOLOS, M.D. and NYU LUTHERAN MEDICAL CENTER negligently provided medical care to the plaintiffs, leading directly to serious and permanent injuries. (*Standard Forms 95 attached as Exhibit 1*).

13. On February 6, 2018, a final determination was received by counsel for plaintiff denying the administrative tort claims of the plaintiffs from the United States Department of Health & Human Services. (*denial letter attached as Exhibit 2*). This action is therefore timely pursuant to 28 U.S.C. Section 2401(b) and 28 U.S.C. Section 2675.

14. The claims herein are brought against Defendant THE UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act (28 U.S.C. 2671, et seq.) and 28 U.S.C. 1346(b)(1) and against defendants CHRISTINE CHENG, M.D., MARK REBOLOS, M.D. and NYU LUTHERAN MEDICAL CENTER pursuant to both Federal and New York State Law for money damages as compensation for serious personal injuries caused by the defendants' combined negligence and medical malpractice.

## AS AND FOR A FIRST CAUSE OF ACTION
## (ON BEHALF OF DHS, AN INFANT UNDER THE AGE OF FOURTEEN YEARS, BY HIS MOTHER AND NATURAL GUARDIAN, ANA SERRANO

15. The foregoing paragraphs of this Complaint numbered "1" through "14" above are realleged and incorporated by reference.

16. That at all times mentioned herein, defendant SHAHEM held himself out to the public and specifically to the plaintiffs as possessing and utilizing the proper degree of skill and learning necessary to tender medical services in accordance with good and accepted medical practices and that he undertook to use reasonable care and diligence in the treatment rendered to infant-plaintiff D.H.S. and plaintiff ANA SERRANO.

17. That at all times mentioned herein, defendant CHENG held herself out to the public and specifically to the plaintiffs as possessing and utilizing the proper degree of skill and learning necessary to tender medical services in accordance with good and accepted medical practices and that he undertook to use reasonable care and diligence in the treatment rendered to infant-plaintiff D.H.S. and plaintiff ANA SERRANO.

18. That at all times mentioned herein, defendant REBOLOS held himself out to the public and specifically to the plaintiffs as possessing and utilizing the proper degree of skill and learning necessary to tender medical services in accordance with good and accepted medical practices and that he undertook to use reasonable care and diligence in the treatment rendered to infant-plaintiff D.H.S. and plaintiff ANA SERRANO.

19. That at all times mentioned herein, SUNSET PARK held itself out to the public and specifically to the plaintiffs as employing or otherwise providing physicians possessing and utilizing the proper degree of skill and learning necessary to tender medical services in accordance with good and accepted medical practices and that they undertook to use reasonable care and

diligence in the treatment rendered to infant-plaintiff D.H.S. and plaintiff ANA SERRANO.

20. That at all times mentioned herein, defendant NYU LUTHERAN held itself out to the public and specifically to the plaintiffs as employing or otherwise providing physicians possessing and utilizing the proper degree of skill and learning necessary to tender medical services in accordance with good and accepted medical practices and that he undertook to use reasonable care and diligence in the treatment rendered to infant-plaintiff D.H.S. and plaintiff ANA SERRANO.

21. Upon information and belief, at all times relevant to the Complaint, SUNSET PARK was a recipient of funding pursuant to the FSCHHA and employed physicians, including but not limited to defendant SHAHEM, residents, interns, staff members, nurses and others who were employed, authorized, retained and permitted by SUNSET PARK to render medical care and services and perform all necessary and proper functions pertaining to any and all medical and surgical care to be rendered to its patients.

22. That at all times hereinafter mentioned, defendant SHAHEM was an employee of SUNSET PARK.

23. That at all times hereinafter mentioned, defendant SHAHEM was an employee of defendant UNITED STATES.

24. That at all times hereinafter mentioned, defendant SHAHEM was an agent of defendant NYU LUTHERAN.

25. That at all times hereinafter mentioned, defendant SHAHEM was a licensee of defendant NYU LUTHERAN.

26. That at all times hereinafter mentioned, defendant SHAHEM was an attending physician of defendant NYU LUTHERAN.

27. That at all times mentioned herein, defendant CHENG was an employee of defendant NYU LUTHERAN.

28. That at all times mentioned herein, defendant CHENG was an agent of defendant NYU LUTHERAN.

29. That at all times mentioned herein, defendant REBOLOS was an employee of defendant NYU LUTHERAN.

30. That at all times mentioned herein, defendant REBOLOS was an agent of defendant NYU LUTHERAN.

31. That during a continuous course of treatment through on or about May 12, 2016 and thereafter, the defendants, individually, and by their agents, servants and/or employees, undertook the obligation of rendering medical care, services, attention and advice to the plaintiffs.

32. That during a continuous course of treatment through on or about May 12, 2016 and thereafter, defendants, through its agents, servants and employees, for a good and valuable consideration, undertook and endeavored to treat and advise the plaintiffs professionally for medical care, pre-natal care, obstetrical, labor and delivery and gynecological care.

33. That the medical treatment, care and advice rendered by the defendants, individually and through their agents, servants and/or employees to the plaintiffs was negligently and carelessly performed in that defendants, their agents, servants and/or employees failed to employ the skill, care and diligence commonly and ordinarily possessed by and required of medical doctors and their agents, servants and employees in the locality where the defendants practice; in that they failed to adhere to good, safe and accepted medical practices; in rendering a degree of care to plaintiffs that was not safe or adequate; in deviating and departing from accepted standards of medical practice in the care and treatment which they rendered to the plaintiffs; in improperly and unsafely

administering medical care and attention to plaintiffs; in failing to render that degree of safe medical care to plaintiffs that plaintiffs rightfully expected and anticipated; in failing to employ reasonable and proper steps, procedures and practices in the medical care rendered to the plaintiffs so as to avoid injury to plaintiffs.

34. That by reason of the foregoing negligence and carelessness on the part of the defendants, their agents, servants, licensees and/or employees, the infant plaintiff DHS was rendered sick, sore, lame and disabled and upon information and belief, was permanently injured, was caused to suffer hospital and medical expenses, was caused to become unable to tend to his usual duties and pursuits and the infant plaintiff was otherwise damaged.

35. The aforesaid injuries suffered by the infant plaintiff were occasioned wholly and solely by reason of the carelessness, negligence and unskillfulness of the defendants individually and their agents, servants, licensees and employees, without any negligence on the part of the plaintiffs contributing thereto.

36. That defendant UNITED STATES is liable for the negligent acts and omissions on the part of SHAHEM and SUNSET PARK HEALTH CENTER in the care and treatment which they rendered to the plaintiffs, which care was rendered in the course of their employment with the UNITED STATES.

37. That defendant UNITED STATES is liable for the negligent acts and omissions on the part of SHAHEM and SUNSET PARK HEALTH CENTER in the care and treatment which they rendered to the plaintiffs by virtue of the doctrines of vicarious liability and respondeat superior.

38. That defendant NYU LUTHERAN is liable for the negligent acts and omissions on the part of CHENG and REBOLOS in the care and treatment which they rendered to the plaintiffs,

which care was rendered in the course of their employment with NYU LUTHERAN.

39. That defendant NYU LUTHERAN is liable for the negligent acts and omissions on the part of CHENG and REBOLOS in the care and treatment which they rendered to the plaintiffs by virtue of the doctrines of vicarious liability and respondeat superior.

40. The amount of damages herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

41. The limitations on liability set forth in CPLR Section 1600 et seq do not apply.

42. Defendant UNITED STATES is liable pursuant to 28 U.S.C. 1346(b)(1).

43. As a result of the aforesaid negligent acts and omissions of the defendants, their agents, servants, licensees and/or employees, the infant plaintiff DHS, by his mother and natural guardian ANA SERRANO has been damaged in the sum of SEVEN MILLION ($7,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION
### (ON BEHALF OF PLAINTIFF ANA SERRANO, INDIVIDUALLY)

44. Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "43" above as if alleged in full herein.

45. Plaintiff ANA SERRANO is the mother and natural guardian of infant-plaintiff D.H.S. and as such was and is entitled to the comfort and enjoyment of his society and services.

46. That by reason of the foregoing negligence on the part of the defendants, their agents, servants, licensees and/or employees, plaintiff ANA SERRANO has been deprived of the services, love and companionship of her infant son, D.H.S. and will continue to deprived of her son's services, love and companionship in the future and was further caused to become obliged to expend sums of money for medical and hospital care on her behalf and will continue to incur such

expenses in the future.

47. The limitations on liability set forth in CPLR Section 1600 et seq do not apply.

48. Defendant UNITED STATES is liable pursuant to 28 U.S.C. 1346(b)(1).

49. As a result of the aforesaid negligent acts and omissions of the defendants, their agents, servants, licensees and/or employees, plaintiff ANA SERRANO has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## (ON BEHALF OF DHS, AN INFANT UNDER THE AGE OF FOURTEEN YEARS, BY HIS MOTHER AND NATURAL GUARDIAN, ANA SERRANO)

50. Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "49" above as if alleged in full herein.

51. Defendants, their agents, servants, licensees and/or employees failed to inform the plaintiffs of the risks, hazards and dangers inherent in the treatment rendered, failed to advise of the alternatives thereto, failed to advise of the reasonably foreseeable risks involved in the recommended modality of treatment or therapy, failed to advise of the benefits of alternative modalities of treatment or therapy and failed to obtain an informed consent.

52. A reasonable person in similar circumstances would not have consented to the procedures in question.

53. As a result of the foregoing, the infant plaintiff DHS suffered serious and permanent injuries and has been damaged.

54. The aforesaid lack of informed consent was occasioned solely and wholly by the carelessness, negligence and unskillfulness of the defendants, their agents, servants, licensees and/or employees and without any negligence on the part of the plaintiffs contributing thereto.

55. The limitations on liability set forth in CPLR Section 1600 et seq do not apply.

56. Defendant UNITED STATES is liable pursuant to 28 U.S.C. 1346(b)(1).

57. As a result of the aforesaid negligent acts and omissions of the defendants, their agents, servants, licensees and/or employees, the infant plaintiff DHS, by his mother and natural guardian ANA SERRANO has been damaged in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs demand judgment against the defendants as follows:

(i) On the First Cause of Action, the sum of SEVEN MILLION ($7,000,000.00) DOLLARS;

(ii) On the Second Cause of Action, the sum of TWO MILLION ($2,000,000.00) DOLLARS;

(iii) On the Third Cause of Action, the sum of THREE MILLION ($3,000,000.00) DOLLARS;

(iv) All together with the costs and disbursements of this action.

Dated: Astoria, New York
February 13, 2018

Yours, etc.,

LAW OFFICES OF MARC S. ALBERT

By: Marc S. Albert, Esq. (MA-4896)
Attorney for Plaintiffs
DHS, an Infant Under the Age of fourteen years by his Mother and Natural Guardian, ANA SERRANO and ANA SERRANO Individually
32-72 Steinway Street
Astoria, NY 11103
(347) 472-5080

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
D.H.S., an infant under the age of fourteen years, by his
Mother and Natural Guardian, ANA SERRANO, and
ANA SERRANO, Individually,

                                    Plaintiffs,

      -against-

THE UNITED STATES OF AMERICA, NYU
LUTHERAN MEDICAL CENTER, CHRISTINE
CHENG, M.D. and MARK REBOLOS, M.D.,

                                  Defendants.
------------------------------------------------------------------X

**CERTIFICATE OF MERIT**

CV 17-6927 (Amon, J).
(Bulsara, M.J.)

*(Check the appropriate box and cross out inapplicable italicized words)*

☑ I have received the facts of the case and have consulted with at least one *physician* who is licensed to practice in this state or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

☐ I was unable to obtain the consultation required by CPLR Section 3012 (a)(1) because a limitation of time established by CPLR Article 2 would bar the action, and the certificate required by CPLR Section 3012(a)(1) could not reasonably be obtained before such time expired. The certificate required shall be filed within ninety days after service of the complaint.

☐ I was unable to obtain the consultation required by CPLR 3012 (a)(1) because I have made three separate good faith attempts with three separate *physicians dentists podiatrists* to obtain such consultation and none of those contacted would agree to such a consultation.

☐ I intend to rely solely on the doctrine of "res ipsa loquitur" and for that reason am not filing the certificate required by CPLR Section 3012(a)(1).

Dated: Astoria, New York
          February 13, 2018

                                                  Marc S. Albert, Esq. (MA-4896)
                                                  Attorney for Plaintiffs
                                                  32-72 Steinway Street
                                                  Astoria, NY 11103
                                                  (347) 472-5080