UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

D.H.S., *an infant under the age of fourteen years, by his Mother and Natural Guardian, Ana Serrano*, and ANA SERRANO,

                              Plaintiffs,

            -against-

UNITED STATES OF AMERICA, NYU LUTHERAN MEDICAL CENTER, CHRISTINE CHENG, M.D., and MARK REBOLOS, M.D.,

                              Defendants.
------------------------------------------------------------ X

**REPORT AND RECOMMENDATION**
18 CV 983 (PKC) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On February 14, 2018, plaintiff Ana Serrano filed this action on behalf of herself and her infant son, "D.H.S.," against the United States of America, NYU Lutheran Medical Center, Christine Cheng, MD, and Mark Rebolos, MD (collectively, "defendants"). (Compl.[1]). Serrano filed this action to recover for personal injuries caused to her and her infant son by defendants' alleged negligence and medical malpractice. (Compl. ¶ 14).

The Court held a series of settlement conferences in this matter, which took place on November 26, 2019, on December 19, 2019, and on January 15, 2020. After the January 15, 2020 conference, the parties were able to reach a settlement. By telephone conference on April 3, 2020, the parties informed the Court that they had reached a settlement and requested

---

[1] Citations to "Compl." refer to the Complaint, filed on February 14, 2018, ECF No. 1.

1

permission to file a motion for infant compromise. The district court referred the motion for infant compromise to the undersigned for review on May 1, 2020.

Since the plaintiff is an infant, the Court must review the proposed settlement to determine whether the amount of the settlement is fair, whether the distribution of the settlement proceeds will protect the interests of the infant plaintiff, and whether the attorney's fees sought are reasonable. See Local Civil Rule 83.2(a); N.Y. C.P.L.R. §§ 1205-1208; N.Y. Jud. Law § 474. For the reasons stated below, the Court finds the stipulated settlement to be fair, reasonable, and proper, and so respectfully recommends the settlement be approved.

## FACTUAL BACKGROUND

D.H.S. was born on May 12, 2016, to his mother, plaintiff Ana Serrano. (Serrano Aff.[2] at 1; Albert Aff. at 1[3]). During the course of D.H.S.' birth, the infant suffered an Erb's Palsy injury to his right shoulder, which limited the range of motion and function in his right arm. (Serrano Aff. at 1, 2). Following the infant's discharge from the hospital, D.H.S. received extensive physical and occupational therapy as well as Botox injections to improve the arm's function. (Id. at 2). When those treatments did not provide significant improvement, D.H.S. underwent surgery on his shoulder in September 2019. (Id.)

Happily, D.H.S. has experienced "tremendous improvements" with his ability to move and use his arm since the surgery. (Id.) D.H.S.' doctors believe he will make additional improvements over time with continued therapy and injections. (Id.; Med. Report[4] at 5).

---

[2] Citations to "Serrano Aff." refer to the parent affidavit of Ana Serrano in support of the infant compromise, dated February 21, 2020, ECF No. 38-1.
[3] Citations to "Albert Aff." refer to the affidavit of infant's attorney, Marc S. Albert, Esq., in support of the infant compromise, dated April 7, 2020, ECF No. 38-2.
[4] Citations to "Med. Report" refer to the report of Dr. Sanjeev Kothare describing the October 1, 2019 medical evaluation of D.H.S., dated October 1, 2019, ECF No. 38-5.

However, D.H.S. continues to lack dexterity in his right hand – for example, he is unable to use his right hand to pull his underwear down or put on his shoes. (Med. Report at 1, 5). The medical report describes his remaining symptoms as presenting with "moderate severity." (Id. at 5).

There are no medical bills currently outstanding, as all medical bills have been paid by Medicaid. (Serrano Aff. at 2). Though it was not previously clear whether Medicaid would be asserting a lien over the settlement (see id.; Albert Aff. at 2), on April 30, 2020, counsel submitted a letter to the Court explaining that the New York City Department of Social Services would indeed be asserting a Medicaid lien in the amount of $7,049.56. (4/30/2020 Ltr., Ex. 2[5]).

## DISCUSSION

I. Fairness of the Settlement and Dismissal

The Federal Rules of Civil Procedure permit a party to discontinue a civil action voluntarily, with prejudice, through a stipulation of dismissal signed by all parties. Fed. R. Civ. P. 41(a). However, given that Serrano is seeking to settle and dismiss the claims on behalf of her infant child, the Court must engage in a searching inquiry, as "[a]n action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed[,] or terminated, without leave of the Court embodied in an order, judgment[,] or decree." Local Civil Rule 83.2(a)(1). The court must "exercise the most [z]ealous care that no injustice be done to the infant." De Alvarez v. City of New York, No. 10 CV 4434, 2012 WL

---

[5] Citations to "4/30/2020 Ltr." refer to infant counsel's April 30, 2020 letter, ECF No. 39, submitting a revised proposed infant compromise order in light of counsel's receipt of the final Medicaid lien amount. Ex. 2 to the April 30, 2020 letter is a copy of an April 24, 2020 letter from the New York City Department of Social Services to infant's counsel in which the Department confirms that it is asserting a $7,049.56 lien.

3

2087761, at *1 (E.D.N.Y. May 16, 2012) (quoting Southerland v. City of New York, No. 99 CV 3329, 2006 WL 2224432, at *2 (E.D.N.Y. Aug. 2, 2006)).

When a court approves a settlement of an infant's claim, "the district court's focus is to determine whether a proposed settlement is fair, reasonable, and adequate, by comparing the terms of the compromise with the likely rewards of litigation." See Colon v. Navistar Leasing Co., No. 09 CV 4855, 2011 WL 3874870, at *2 (S.D.N.Y. Sept. 2, 2011) (quoting Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999)).

In order to assist the court in determining the reasonableness of a settlement involving an infant, the New York Civil Practice Law and Rules require that the parties submit an affidavit from the representative stating:

> (1) his name, residence, and relationship to the infant [. . .] ; (2) the name, age, and residence of the infant [. . .] ; (3) the circumstances giving rise to the action or claim; (4) the nature and extent of the damages sustained [. . .] the name of each physician who attended or treated the infant [. . .] the medical expenses, the period of disability, the amount of wages lost, and the present physical condition of the infant [. . .]; (5) the terms and proposed distribution of the settlement [. . .]; (6) the facts surrounding any other motion or petition for settlement of the same claim [. . .]; (7) whether reimbursement for medical or other expenses has been received from any other source; and (8) whether the infant's [. . .] representative or any member of the infant's [. . .] family has made a claim for damages alleged to have been suffered as a result of the same occurrence giving rise to the infant's [. . .] claim and, if so, the amount paid or to be paid in settlement of such claim or if such claim has not been settled the reasons therefor.

N.Y. C.P.L.R. § 1208(a)(1-8) (McKinney 2013); see also Perri v. Doe, No. 06 CV 403, 2011 WL 2117606, at *2 (E.D.N.Y. Apr. 22, 2011) (citing Neilson v. Colgate-Palmolive Co., 199 F.3d at 654); Southerland v. City of New York, 2006 WL 2224432, at *3. Moreover, C.P.L.R.

4

§ 1208(b) requires the infant's counsel to provide an affidavit explaining, among other things, why counsel is advising settlement, as well as the nature of the services rendered by counsel. See N.Y. C.P.L.R. § 1208(b); see also Southerland v. City of New York, 2006 WL 2224432, at *3. The court may hold a hearing to determine whether the terms of the settlement are fair, but may also decide the motion based on the parties' submissions without a hearing. See N.Y. C.P.L.R. § 1208(d); Local Rule 83.2(a); see also Rodney v. City of New York, No. 13 CV 6179, 2015 WL 1014165, at *3 (E.D.N.Y. Mar. 6, 2015) (holding that "while the court may conduct an infant compromise hearing, it is not required [if] the necessary information is available from the documents and affidavits submitted in support of the motion").

There is no bright-line test for concluding that a particular settlement is fair. See, e.g., Newman v. Stein, 464 F.2d 689, 692-93 (2d Cir.), cert. denied, 409 U.S. 1039 (1972); Doe v. Mattingly, No. 06 CV 5761, 2007 WL 2362888, at *2 (E.D.N.Y. Aug. 14, 2007). Rather, the Court must determine whether the proposed settlement is "'fair, reasonable and adequate' by comparing 'the terms of the compromise with the likely rewards of litigation.'" Neilson v. Colgate-Palmolive Co., 199 F.3d at 654 (quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1079 (2d Cir. 1995)). A strong presumption that a settlement is fair and reasonable exists in circumstances where: "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable counsel to act intelligently . . . ." Denes Q. v. Caesar, No. 07 CV 1281, 2009 WL 2877155, at *3 (E.D.N.Y. Sept. 8, 2009) (quoting Ross v. A.H. Robins Co., 700 F. Supp. 682, 683 (S.D.N.Y. 1988)).

Additionally, under New York law, "it should be presumed that the guardian or parent of the infant is acting in the best interests of the child." Jurdine ex rel. Jurdine v. City of New York, No. 07 CV 2915, 2008 WL 974650, at *3 (E.D.N.Y. April 8, 2008). One New York court, in reversing the judicial approval of a settlement over a plaintiff's guardian's objection, stated that "[i]n a case where reasonable minds may legitimately differ, the judgment of the infant's natural guardian should prevail." Stahl v. Rhee, 220 A.D.2d 39, 46, 643 N.Y.S.2d 148, 153 (2d Dep't 1996) (reversing the lower court's order relieving the mother as guardian ad litem and rejecting the lower court's approval of the settlement despite the mother's opposition to it). In short, "deference should be given to the guardian's or parent's decision as to the fairness of the settlement." Doe v. Mattingly, 2007 WL 2362888, at *2.

In this case, the parties came to a settlement after this Court held three successive settlement conferences. The parties propose to settle the infant's claims for a total of $925,000. (Albert Aff. at 2). Of the $925,000 total, infant's counsel seeks $236,270.48 in fees and costs (id. at 4), and $7,049.56 will be paid to settle the Medicaid lien. (Proposed Order[6] at 3). The sum of the settlement after those deductions – $681,679.96 – will be transferred to an account for D.H.S., managed by his mother, Ms. Serrano, who requests permission to hold the funds in an interest-bearing savings account with Apple Bank for Savings, located at 318 Albany Avenue, Brooklyn, New York, until D.H.S. turns eighteen. (Serrano Aff. at 3-4; Proposed Order at 3).

The Affidavit of infant's counsel, Mark S. Albert, Esq., deems the settlement to be fair. (Albert Aff. at 2). Counsel recommends this settlement because D.H.S. has recovered well from

---

[6] Citation to "Proposed Order" refer to infant counsel's submitted proposed order, filed April 30, 2020, ECF No. 39-1.

the injury he sustained during his birth and because the defendants vigorously contest liability, maintaining that the shoulder injury encountered was a known potential complication that was dealt with appropriately. (Id. at 2). Infant's counsel acknowledges that it is "certainly conceivable that a jury could hold for the defendants at the time of trial, leaving the infant plaintiff with no recovery for his injuries, or in the alternative, awarding the infant plaintiff a lesser amount than the settlement amount being offered" and that the settlement amounts to a "significant and fair recovery for his injuries." (Id.) D.H.S.'s mother states that she consents to and agrees with the terms of the settlement, and waives her cause of action for loss of services and medical expenses. (Serrano Aff. at 3).

Based on the foregoing and on the Court's discussions with the parties during the November 26, 2019, December 19, 2019, and January 15, 2020 settlement conferences, the Court is satisfied that the infant's claims are not being sacrificed in any way and that counsel has represented his client with only the infant's interest in mind. The Court finds that the settlement was not collusive and was achieved through arm's length negotiations. The Court further finds that sufficient discovery has been conducted to enable counsel to proceed intelligently. Moreover, given the Court's experience with the infant's counsel over the course of this litigation, the Court finds that counsel is competent. The Court concludes that the proposed settlement amount to be paid to the infant is fair and reasonable to compensate his for injuries allegedly caused by these defendants, taking into account all of the risks of litigation, and thus respectfully recommends settlement approval.

II. Attorney's Fees & Costs

The Court must still determine the reasonableness of the attorney's fees sought by the infant's counsel. Under Section 474 of the New York Judiciary Law, the standard for determining the appropriate amount of attorney's fees to be awarded in the context of an infant compromise proceeding is "suitable compensation for the attorney for [her] services . . . [on] behalf of the said infant." Werner v. Levine, 52 Misc. 2d 653, 655, 276 N.Y.S.2d 269, 271 (N.Y. Sup. Ct. 1967). Although the infant's mother has agreed to the amount of fees requested, "any agreement of the guardian is advisory only," Werner v. Levine, 52 Misc. 2d at 654-55, 276 N.Y.S.2d at 271, and "in the last analysis[,] the amount of the fee must be fixed by the court." Id. at 654, 276 N.Y.S.2d at 271.

Infant's counsel requests a total of $236,270.48. in attorney's fees and costs. (Albert Aff. at 3). This fee is calculated based on the retainer agreement on file, which provides that counsel is to receive a fee which is the sum of 30% of the first $250,000.00 of the net recovery, $25% of the next $250,000.00 of the net recovery and 20% of the next $500,000.00 of the net recovery, plus costs. (Id.; see also Retainer Agreement[7] ¶ 3). Based on the $925,000 settlement, counsel's fee is $222,500. (Id.) In addition, counsel lists his costs as totaling $13,770.48.[8] (Id. at 4). Overall, the Court calculates that $236,270.48 represents 25.5% of the overall settlement (before

---

[7] Citations to "Retainer Agreement" refer to the Contingency Fee Retainer Agreement signed between Ana Serrano and the Law Office of Marc S. Albert, signed March 28, 2017, ECF No. 38-3.

[8] Counsel seeks reimbursement for the following costs: $400.00 for court filing fees; $610.00 for process server fees; $550.00 in investigator fees; $902.84 in medical record expenses; $4,000.00 in expert fees for plaintiff's expert in the field of obstetrics; $4,000.00 in expert fees for plaintiff's expert in the field of pediatric neurology; $616.18 in verdict search research fees; and $2,691.46 in court reporter fees. (Id. at 4).

subtraction of the lien). Counsel attests that he has provided numerous legal services over the course of his representation, including, *inter alia*, conducting an investigation of the subject medical treatment, retaining and working with medical experts; preparing and filing the summons, complaint, and discovery documents, appearing at discovery and settlement conferences before the undersigned, conducting depositions, and bringing the prosecution of the case to a satisfactory completion for his client. (Albert Aff. at 3).

Given the amount of work involved in this case, and noting that the infant's guardian has agreed to the amount requested, the Court finds that the requested attorney's fees are reasonable, and respectfully recommends that the court approve the requested fees.

III.   Investment and Maintenance of Minor's Funds

Concerning the disposition of the settlement amount for the infant, the balance of the settlement remaining after deduction of the attorney's fees and costs (and potential Medicaid lien) will be deposited in the infant's name in an interest-bearing savings account with Apple Bank for Savings, located at 318 Albany Avenue, Brooklyn, New York, until D.H.S. turns eighteen. (Albert Aff. at 4-5; Serrano Aff. at 3-4).

Under these circumstances, the Court respectfully recommends approval of the proposed assignment of the infant's settlement funds into an account to be held in custody for D.H.S. The Court respectfully recommends that the plaintiff be directed to place the funds in an interest-bearing account to which D.H.S. will gain access on the date he reaches the age of 18. The settlement funds are to be deposited and held for the sole use and benefit of D.H.S., under D.H.S.'s name. No one, absent prior approval from the Court, should be able to access this money until D.H.S. reaches the age of 18.

CONCLUSION

Given the nature of D.H.S.'s injuries, the risks of litigation, and the infant's mother's support of the settlement as fair and reasonable, the Court respectfully recommends a finding that the proposed settlement in the amount of $925,000 in satisfaction of the claims of D.H.S. against these defendants, as described herein, to be fair, reasonable, and proper. In addition, the Court respectfully recommends approval of an award of attorney's fees and costs in the amount of $236,270.48, approximately one-quarter of the total $925,000 settlement. As such, the Court respectfully recommends approval of the settlement and the attorney's fees in their entirety.

Accordingly, based on the Affidavit of Ana Serrano, the infant's mother, the Affidavit of Mark S. Albert, Esq., infant's counsel, and the parties' representations in reaching an agreement, the Court respectfully recommends approval of the settlement as detailed above, and respectfully recommends that the claims of D.H.S. against these defendants be dismissed in accordance with the terms of the settlement.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       May 15, 2020

                                          /s/ Cheryl L. Pollak
                                          Cheryl L. Pollak
                                          Chief United States Magistrate Judge
                                          Eastern District of New York